IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID DEWAYNE GARRETT | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-281 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner David Dewayne Garrett, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background and Prior Proceedings

On April 25, 2018, following a trial by jury in the 128th Judicial District Court of Orange County, Texas, Petitioner was convicted of burglary of a habitation. Petitioner was sentenced to a term of fifty-five years' imprisonment.

Petitioner appealed his convictions to the Ninth Court of Appeals in Beaumont, Texas. On August 7, 2019, the appellate court affirmed the trial court's judgment. *See Garrett v. State*, No. 09-18-00190-CR, 2019 WL 3667064 (Tex. App. - Beaumont Aug. 7, 2019, pet. ref'd). Petitioner's Petition for Discretionary Review was refused by the Texas Court of Criminal Appeals on November 20, 2019. *Id.*

On February 20, 2020, Petitioner filed a state Application for Writ of Habeas Corpus. On June 3, 2020, the Texas Court of Criminal Appeals denied the Application without written order. (Doc. #11-21 at *1.)

## The Petition

Petitioner filed this Petition for Writ of Habeas Corpus asserting the following grounds for review: (1) trial counsel provided ineffective assistance for failing to object to certain testimony and exhibits offered into evidence; (2) trial counsel was ineffective for failing to object to the state expert witnesses' testimony and for failing to exclude it; (3) trial counsel was ineffective for failing to object to Exhibit 33 based on the state's alleged failure to introduce the proper predicate; (4) trial counsel was ineffective and failing to move for a directed verdict because the state failed to prove the essential elements of the offense; (5) appellate counsel was ineffective for filing a frivolous *Anders* Brief and failing to raise an alleged meritorious claim of insufficient evidence; (6) there was insufficient evidence to sustain the conviction; and (7) trial counsel was ineffective for failing to impeach inconsistent testimony by the victim.

## The Response

The Respondent was ordered to show cause why relief should not be granted. The Respondent asserts that each of the Petitioner's grounds for review are without merit and should be denied. Accordingly, the Respondent asserts that the Petition should be denied and dismissed with prejudice.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams,* 529 U.S. at 412-13. An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair

hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

## Analysis

I.   *Ineffective Assistance of Counsel*

   A.   Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI.  A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).  Plea negotiations are a critical phase of litigation in criminal proceedings and subject to the Sixth Amendment right to effective assistance of counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to show that counsel was ineffective a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.  In order to demonstrate the first prong of this test, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that the petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  A petitioner must show "a

reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland*, 466 U.S. at 694)). "The possibility of a different outcome is not enough." *United States v. Megwa*, No. 20-10877, 2021 WL 3855498 (5th Cir. June 1, 2021). Instead, "the defendant must demonstrate that the prejudice rendered [the proceeding] fundamentally unfair or unreliable." *Crane*, 178 F.3d at 313 (quoting *Lockhart*, 506 U.S. at 369). Further, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

      B.      Application - Trial Counsel

      1.      Failure to Object/Failure to Impeach

In grounds one and seven, Petitioner claims he was denied the effective assistance of counsel because trial counsel failed to object to certain testimony and exhibits offered into evidence and impeach alleged inconsistent testimony by the victim. Petitioner contends Exhibits 33, 34, 35 and 39 were irrelevant and immaterial and that counsel should have impeached alleged inconsistent statements of the victim concerning her phone cord.

Petitioner also argues that counsel was ineffective for failing to object to the testimony of officer Michael Roush and detective Joseph Steele regarding the assault and medical treatment received for the victim's injuries.

In this case, Petitioner was charged by indictment with burglary of a habitation and attempting to commit or committing theft. (Doc. #11-2 at *12.) The elements of burglary of a habitation are as follows: (1) a person, (2) intentionally or knowingly, (3) enters a habitation, (4) without the effective consent of the owner, and (5) commits or attempts to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2017); *Davila v. State*, 547 S.W.2d 606, 608 (Tex. Crim. App. 1977).

Evidence must first be relevant in order to be admissible. *See* TEX. R. EVID. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the

evidence, and the fact is of consequence in determining the action. TEX. R. EVID. 401. The contested evidence was relevant to establishing Petitioner's conduct, the force used during the theft underlying the burglary charge, the victim's lack of consent for Petitioner to be in her house, and the injuries related to her lack of consent. Additionally, a review of the record shows that during cross-examination, counsel clarified that Petitioner was on trial for burglary, not assault. (Doc. #11-7 at *31.)

Petitioner's claims regarding the relevance of exhibits is without merit. A review of the record reveals that Exhibit 33 is a disc containing a recording of the offense, Exhibits 34 and 35 were pans and a Dutch oven pot used during the assault of the victim, and Exhibit 39 was the victim's medical records. (Doc. #11-14, at *7.) The record also reveals that trial counsel objected to the introduction of Exhibit 33 on the basis that the state failed to show chain of custody. (Doc. #11-7 at *45.) The objection was sustained by the court. The prosecution, however, subsequently established the proper basis for introduction of the exhibit, and the exhibit was admitted into evidence. *Id.* Additionally, the exhibits were relevant to establishing the charged offense. Thus, any objection to the admissibility of the exhibits would have been meritless.

Next, Petitioner claims counsel was ineffective for failing to impeach the victim witness regarding alleged inconsistent statements. However, the trial record reveals that, during a conference outside the presence of the jury, counsel stated he had conferred with Petitioner and Petitioner stated he had no questions he wanted to ask the victim. Petitioner then confirmed this statement on the record. (Doc. #11-7 at *47.) Thus, Petitioner's current claim is refuted by the record.

It is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Counsel was not deficient in his performance for failing to raise Petitioner's meritless claims concerning relevant evidence. Further,

in light of the strong evidence against him, Petitioner has failed to show any related prejudice. Accordingly, Petitioner's claims are without merit.

### 2. Expert Testimony

Next, Petitioner argues that trial counsel was ineffective for failing to object to the testimony of the state's alleged expert witnesses, Officer Michael Roush and Detective Joseph Steele. Petitioner contends counsel should have objected to the testimony of each expert witness and moved to exclude them based on an alleged violation of the pre-trial order and on the basis of surprise.

In this case, the challenged witnesses testified as fact witnesses in their capacity as investigators of the burglary. (Doc. #11-7 at *17, *67.) Neither witness was asked by give expert opinion testimony during the trial. Further, to the extent responses given during their testimony may be interpreted by Petitioner as being expert testimony, such testimony is permissible. A police officer may give an opinion about matters within his common knowledge and concerning physical facts he observed which are within his experience. *See* TEX. R. EVID. 701; *Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984) (en banc). The record in this case reflects that the officers had 15-18 years of experience, both were trained as Field Training Officers and had extensive investigative experience, and based upon that experience, their contested testimony was permissible under Rule 701. (Doc. #11-7 at *17, *67.) Thus, Petitioner's claims are without merit. Accordingly, Petitioner has failed to show either deficient performance or prejudice.

### 3. Exhibit 33

Petitioner claims trial counsel was ineffective for failing to object to Exhibit 33 based on the state's alleged failure to introduce the proper predicate. Petitioner contends counsel should have raised a specific objection to the audio portion of Exhibit 33, a disc containing a recording of the offense, in addition to the chain of custody argument previously addressed. Petitioner claims the state failed to meet the proper predicate test under *Edwards v. State*, 551 S.W.2d 731 (Tex. Crim. App. 1977).

7

The Texas Court of Criminal Appeals has recognized that *Edwards* was superseded by the adoption of Texas Rule of Evidence 901, and the *Edwards* test is no longer the standard that applies to the admissibility of electronic recordings. *Angleton v. State*, 971 S.W.2d 65, 68-69 (Tex. Crim. App. 1998) (overruling in part *Kephart v. State*, 875 S.W.2d 319 (Tex. Crim. App. 1994)); *Martines v. State*, 371 S.W.3d 232, 243 (Tex. App. - Houston(1st Dist.) 2011).

Under Rule 901, a witness with knowledge satisfies the requirement of authenticating or identifying an item of evidence. *See* TEX. R. EVID. 901(b)(1). In this case, the victim testified that she made a recording of the incident on her phone. (Doc. #11-7 at *45.) Thus, Petitioner's authentication argument is without merit.

As previously set forth, it is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See Roberts*, 681 F.3d at 611; *Murray*, 736 F.2d at 283. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark*, 19 F.3d at 966. Counsel was not deficient in his performance for failing to raise Petitioner's meritless objection. Further, in light of the strong evidence against him, Petitioner has failed to show any related prejudice. Accordingly, Petitioner's claims are without merit.

    4.    <u>Failure to Move for Directed Verdict</u>

Further, Petitioner argues that counsel should have moved for a directed verdict on the basis that the state failed to prove the "owner" and "entered without effective consent" elements for the offense of burglary of a habitation.

The Texas Penal Code defines "owner" as a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PENAL CODE Ann. § 1.07(a)(35). "Possession" is defined in the same section as "actual care, custody, control, or management." *Id.* § 1.07(a)(39).

A review of the testimony in this case reveals that the prosecution presented sufficient evidence to support that the victim, as the renter of the property, had a greater right to possession of the property than Petition who had no right to possession. Additionally, there is sufficient evidence

to show Petitioner entered the property without effective consent of the owner. Petitioner has made no claim to a right to possession of the property. Further, the victim expressed her objection to Petitioner's presence when she discovered him in her house at 4:00 a.m., and there was evidence of Petitioner's subsequent attack on the victim in which she was injured by Petitioner. (Doc. #11-7 at *32-64.) Thus, any motion for directed verdict by counsel would have been futile.

As previously set forth, it is clear in the Fifth Circuit that "counsel is not required to make futile motions or objections." *See Roberts*, 681 F.3d at 611; *Murray*, 736 F.2d at 283. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark*, 19 F.3d at 966. Counsel was not deficient in his performance for failing to raise Petitioner's meritless claims or make a meritless motion for directed verdict. Further, in light of the strong evidence against him, Petitioner has failed to show any related prejudice. Accordingly, Petitioner's claims are without merit.

    C.    Application - Appellate Counsel

Petitioner claims he was denied effective assistance of counsel on appeal because appellate counsel filed an *Anders* brief and failed to raise a claim that the evidence was insufficient to sustain his conviction for burglary of a habitation.

A claim asserting ineffective assistance of appellate counsel is reviewed under *Strickland*'s performance and prejudice prongs. *See Henderson v. Quarterman,* 460 F.3d 654, 665 (5th Cir. 2006) (recognizing that *Strickland* applies to ineffective assistance of appellate counsel claims). A Petitioner alleging ineffective appellate representation "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal - that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and then "demonstrat[e] prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins,* 528 U.S. 259, 285-86 (2000). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. at 288 (citing *Jones v. Barnes,* 463 U.S. 745 (1983)). Thus, it is possible that an ineffective assistance

claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)). To demonstrate that a failure to raise an issue was deficient, a Petitioner must show that a particular nonfrivolous issue was clearly stronger than issues that counsel did present. *Id.* In order to determine whether appellate counsel was deficient, the court must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

In this case, Petitioner has failed to show his argument that counsel should have raised a sufficiency of the evidence ground for review on appeal was meritorious. As set forth above, the prosecution proved the elements of the crime and the evidence was sufficient to support a conviction for burglary of a habitation. Further, even assuming the issue had merit, it is well-settled that appellate counsel is not ineffective for failing to raise every non-frivolous issue. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) ("On appeal, effective assistance of counsel does not mean counsel who will raise every non-frivolous ground on appeal available."). Under *Anders*, "if [appellate] counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to wthdraw . . . accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). In his *Anders* brief, appellate counsel determined that the record in this case presented no meritorious issues. (Doc. #11-13 at *6.) Counsel stated that, after review of the appellate record in this case, he concluded in his professional judgment that the record contains no reversible error and that no jurisdictional defects were present. (Doc. #11-13 at *9.)

Counsel's decision to file an *Anders* brief shows that counsel found the evidence sufficient to support the verdict and chose not to challenge it on appeal. Because appellate counsel made an informed, strategic decision not to challenge the sufficiency of the evidence on appeal, Petitioner's ineffectiveness of appellate counsel claim fails.

The state court reviewed and rejected Petitioner's claims raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11.

For the reasons set forth above, Petitioner has failed to show either deficient performance or prejudice regarding counsel. As a result, Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that counsel's performance was not unconstitutional. Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's grounds for relief should be denied.

II.     *Sufficiency of the Evidence*

In his sixth ground for review, Petitioner claims there was insufficient evidence to support a conviction of burglary of a habitation because the prosecution failed to prove all of the elements of the offense. Specifically, Petitioner contends the prosecution failed to show the victim was the owner of the property that he allegedly entered.

Federal habeas review of an insufficiency of the evidence claim is extremely limited. On habeas review, a federal court cannot disturb a conviction rendered in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). When addressing a claim of insufficient evidence, a federal court must review the evidence "in the light most favorable to the prosecution to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Norris v.*

*Davis*, 826 F.3d 821, 833 (5th Cir. 2016) (quoting *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)).

As set forth above, a review of the testimony in this case reveals that the prosecution presented sufficient evidence to support all elements of the crime. Specifically, the victim, as the renter of the property, had a greater right to possession of the property than Petitioner, who had no right to possession. Additionally, there is sufficient evidence to show Petitioner entered the property without the effective consent of the owner as the victim expressed her objection to Petitioner's presence when she discovered him in her house at 4:00 a.m., as well as the evidence of Petitioner's subsequent attack on the victim in which she was injured by Petitioner. (Doc. #11-7 at *32-64.) Based on the evidence at trial, Petitioner has failed to show no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Accordingly, Petitioner's claim is without merit.

The state court reviewed and rejected Petitioner's claims raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

III.    *Denial of Due Process*

Finally, Petitioner's grounds for review are liberally construed as also asserting claims that he was denied due process and a fair trial based on counsel's errors and the cumulative effect of the alleged errors.

The Constitution guarantees a fair trial for criminal defendants through the Due Process Clause of the Sixth Amendment, which provides defendants the right to have the effective assistance of counsel and largely defines the basic elements of a fair trial. *See* U.S. CONST. amend. VI; *Strickland*, 466 U.S. at 685. As analyzed above, however, Petitioner has failed to show that counsel's representation was unconstitutional. As the Fifth Circuit has stated explicitly, "where individual allegations of error are not of constitutional stature or are not errors, there is 'nothing to cumulate.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Accordingly, Petitioner's claims that he was denied due process and a fair trial are without merit and should be denied.

The state court reviewed and rejected Petitioner's claims raised in his state Application for Writ of Habeas Corpus. The state court's decision is presumed to be correct and entitled to a presumption of correctness under the AEDPA. 28 U.S.C. § 2254(e)(1). As set forth above, the presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez*, 274 F.3d at 948 n. 11.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE